IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| BARRY B BROCKMAN ] | | |
| Plaintiff, | Civil Action No 2:13-3418-DCN-BHH | |
| vs. ] | | |
| TOWN OF ISLE OF PALMS and ] | | |
| PTL H. Lawrimore and the Charleston ] | COMPLAINT | |
| County Sheriff's Office and Detention ] | | |
| Center ] | | |
| Defendants. | | |

The Plaintiff complains of the above named Defendants as follows:

1. The Plaintiff is a resident of Charleston County South Carolina, United States of America; the Defendants are political subdivisions of the State of South Carolina and the employees of such subdivisions, the tortious acts complained of occurred entirely in the Town of The Isle of Palms, Charleston County South Carolina, and United States of America.

2. The Court has subject matter and personal jurisdiction, and venue is proper.

## Pertinent Facts

3.  On or about Dec 11th, 2011, the Plaintiff was lawfully about his business driving his personally owned, properly tagged, licensed and insured vehicle, with Federal and, SC State taxed gasoline in the vehicle, when he was falsely arrested, wrongfully imprisoned, and brutalized by PTL H. Larimore and other unknown police officers of the Town of the Isle of Palms SC, who were acting in their official capacities, respectively, as officers of the Town of the Isle of Palms, SC. The Plaintiff's personal vehicle was improperly searched and seized and taken from his possession without just cause.

4.  The Plaintiff was unlawfully arrested and charged with "Driving Under the Influence" of alcohol, although the Plaintiff informed Officer Larimore and other officers that he was not intoxicated and not under the influence of anything. Officer Larimore filed a totally false police report with a minimum of four (4) blatant untruths. Officer H. Larimore simply made up the claims in his police report and has no basis to prove any of the four claims, whereas, the Plaintiff can clearly show that these false claims in the police report are simply that, FALSE, UNTRUTHS, AND BOLD FACE, OUT AND OUT LIES.

5.  In carrying out their wrongful detention, Officer Larimore and other officers of the Town of the Isle of Palms police force used grossly excessive force-- aggressively handcuffing him; clasping the handcuffs to an excessively tight fit; shoving him into the rear of a police car--despite the Plaintiff's pleas that they use greater care and asking continuously that the tight handcuffs be removed or loosened. The Plaintiff continued to state to all the officers and especially to Officer Larimore that he was **NOT** intoxicated. Officer Larimore and the other officers ignored these pleas. During this wrongful detention, there were three or four police vehicles surrounding the Plaintiff, four or five police officers on the scene, another larger police vehicle continuously driving up and down the road where the traffic stop was taking place; there were numerous blue lights, headlamps, spotlights, and flashlights being aimed at the Plaintiff creating an atmosphere of confusion, intimidation, anxiety and complete and total fear for his safety and even possibly his life, although the Plaintiff was cooperating totally with the officers on the scene. Ignoring the Plaintiff's plea and contention that he

was not under the influence of anything, the Plaintiff was arrested and carried to jail by PTL H. Larimore and another Isle of Palms Town Police officer.

6. The Plaintiff was transported to the Charleston County Detention Center on Leeds Ave. in the County of Charleston, State of S.C. and the United States of America. While at the detention center the Plaintiff was given a South Carolina Law Enforcement Division Breath Alcohol Analysis Test Report, administered by Officer PTL H. Larimore. At the time the Plaintiff was taken into the testing area, he was informed by Officer Larimore and another Isle of Palms police officer, Officer Funch that **EVERYTHING** that happened in the testing room would be recorded on video. At the conclusion of the test, the subject's, the Plaintiff, Mr. Brockman's, test results as shown by the Data master DMT Serial #109207, registered that the Plaintiff's sample read 0.00%, meaning zero alcohol in his system. After voluntarily taking this Breath Alcohol Analysis Test and passing with no alcohol in his system the Plaintiff told Officer Larimore and the other officer, "I told you I had not been drinking and that I was not intoxicated, will you please now take me back to my vehicle!" The Isle of Palms Town Police Officers, Larimore and the other officer, replied "NO, you're, still under arrest." When the Plaintiff asked "arrest for what", the officers at this time turned off the video equipment, although they had previously told the Plaintiff that **EVERYTHING** in the testing room would be recorded on video it was not. The officers then accused the Plaintiff of being under the influence of something other than alcohol, even though Officer Larimore had arrested the plaintiff for being under the influence of alcohol. The Plaintiff believes the video was turned off to purposely keep from recording any of the remaining conversation. The Plaintiff informed the two Isle of Palms police officers that he had never taken any kind of illegal drugs and that his medical doctor had a difficult time getting the Plaintiff to even take prescribed medications. None of this was recorded due to the officers intentionally stopping the video machine. The Plaintiff told the officers that he had never even smoked a cigarette, much less any other type of drug.

7. At this time the Plaintiff was taken to a booking area by Officer Larimore and the other Isle of Palms police officer where he was turned over to the Charleston County Detention officer who booked him into the county detention center over the Plaintiff's protest that he had done absolutely nothing wrong nor had he violated any local, state or federal law. The Plaintiff was then unlawfully

imprisoned by Charleston County, State of S.C., United States of America at the Leeds Ave. detention center for a period of approximately 17 hours. While placed in jail and being forced to spend the night with others who were charged with all types of crimes causing the Plaintiff to suffer from greater pain and discomfort in his lower back, hips and both shoulders stemming from his being forcefully restrained and illegally imprisoned and forced to sit for approximately 17 hours on a hard surface in the detention center, after having been awake for well over 36 hours continuously because of being wrongfully arrested and unjustly imprisoned. During the time of this unlawful imprisonment the Plaintiff was subjected to complete and total humiliation and embarrassment by the Detention Officers employed by the County of Charleston S.C., United States of America. The Plaintiff was held in an open holding room with approximately 75 other inmates, of which there were both male and female detainees. The plaintiff was required to use an open toilet in plain view of the other inmates, male and female, and was totally degraded by this experience. There were closed restroom facilities available and the females in the holding room were allowed to use these closed restrooms, whereas the males were made to stand or sit in open toilets in view of all others, including the females, both inmates and guards, while urinating or having bowel movements. During this ordeal including the booking all the Plaintiff's personal belongings were taken from him and he was made to remove his US Navy "Dog Tags" which he has worn since serving honorably in the United States Navy during the Viet Nam War.

8.    At all times the Plaintiff cooperated with Officer PTL H. Larimore, all the other Isle of Palms police officers, the Charleston County Detention Center officers, and any Charleston County police officers on duty at the detention facility. Mr. Brockman, the Plaintiff, took the South Carolina Law Enforcement Division Breath Alcohol Analysis Test and proved that he had **NO** alcohol in his system whatsoever. South Carolina Code s56-5-2950(G)(1) which reads as follows: "If the alcohol concentration was at that time 500th of 1% or less, it is conclusively presumed that the person was not under the influence of alcohol." The Plaintiff at the time of the Data Master Test results was 0.00%, which clearly puts him within the parameters of said aforementioned statute. Furthermore, there is absolutely no indication of any drug use, and if there had been any indication, the arresting officer, PTL Larimore, pursuant to South Carolina Code s56-5-2950(A) had the right and obligation, if he had reasonable suspicion that the Plaintiff was

under the influence of drugs other than alcohol or was under the influence of a combination of drugs and alcohol to order that a urine sample be taken for testing. No such order was given by the arresting officer, PTL Larimore, or any other officer, either the Town of the Isle of Palms, Charleston County Sheriff's Office, or Charleston County Detention Officer, and therefore, the officer violated the state's own statute and unlawfully imprisoned the Plaintiff for absolutely no just cause.

9. The Plaintiff was a former employee of the Isle of Palms Police Dept. as a Beach Patrol Officer in 2008 and early 2009 and has a personnel file on hand, wherein he took a lie detector test and drug test, which clearly indicates that he is not a user of illicit drugs. The Plaintiff also took a drug test with Nason Medical Center, within 58 hours of his arrest, which clearly indicates that he is negative for any kind of mind altering or impairment type drugs.

10. The Plaintiff would assert that there was no probable cause to arrest him for DUI, to seize and search his personal vehicle, to imprison him, to cause him bodily harm, to humiliate and embarrass him, including causing him to have to cash a check at his personal bank, where he has been doing business for over 25 years, that is written on an account that reads for: **Charleston County ------ Inmate Trust Account Refund**.

11. At trial on 18 JAN 2012, the Plaintiff was found to be **NOT GUILTY** before the Municipal Court of the Town of the Isle of Palms S.C. of any crime, including Driving under the Influence.

12. The Plaintiff is an Honorably Discharged United States Navy Veteran, serving over 10 years on active and reserve duty during the Viet Nam War. The Plaintiff is also a United States Federal Retiree, having an almost 30 year career with the US Postal Service and after beginning his career as a letter carrier, retiring as the Postmaster in Greer, South Carolina. The Plaintiff was treated on 11 DEC 2011 like a common criminal, a terrorist, or a convicted felon for absolutely no reason. Every civil right that belongs to any law abiding citizen of the United States of America was violated and taken from the Plaintiff, Mr. Brockman, on this

horrid evening by overzealous police officers, who obviously, by the number of officers surrounding him at the traffic stop had nothing more to do than harass and discriminate against an upright citizen of the Great State of South Carolina and these United States of America. Although the Plaintiff pleaded with these officers, especially Officer Larimore, they basically arrested an innocent citizen who was simply enjoying the freedoms he had fought to defend and protect, with no thought of the lasting consequences their irresponsible actions and attitudes created for the Plaintiff, Mr. Brockman.

### FOR A FIRST CAUSE OF ACTION AFAINST ALL DEFENDANTS

(Excessive Force Under Common Law, as Allowed by the Tort Claims Act, and under 42 U.S.C. s1983, Irrespective of the Tort Claims Act)

13. The Plaintiff incorporates all prior paragraphs of this Complaint as completely as if set forth herein verbatim.

14. PTL Officer H. Larimore, and other Isle of Palms Police Officers, Charleston County Sheriff's Officers and Charleston County Detention Center Officers were acting in the course of their employment with the two corporate Defendants at all pertinent times; the Town of The Isle of Palms, S.C. and Charleston County, S.C. and are responsible for the actions of Isle of Palms Officer PTL H. Larimore and the actions of any other officers and detention center employees.

15. As a result of Officer PTL H. Larimore and other police officers employed by the Town of the Isle Of Palms, and Charleston County, the Plaintiff has suffered injury to his wrist, shoulders, hips and other body parts, has incurred present and future medical expenses and has experienced pain, suffering, extreme aggravation and loss of enjoyment of life, all of which will continue.

16. Reasonable officers in the positions of Officer PTL H. Larimore and others would not have used any forceful avenue to restrain the Plaintiff under these

circumstances.

17.     The alleged crime of having a defective tag light was totally baseless for a traffic stop much less an arrest.

18.     Plaintiff is approximately five feet eight inches tall, weighs approximately 190 pounds and was 65 years old at all pertinent times.

19.     Plaintiff had no weapon at the time of his traffic stop by Officer PTL H. Larimore

20.     There was no charge of an open container in the vehicle, because there was no open container in the vehicle.

21.     There was no threat to the safety of the officers or others at the scene of the traffic stop, the Plaintiff as a former employee of the Town Of the Isle of Palms Police Dept. was personally known to at least two (2) of the five (5) to seven (7) officers on the scene at the time of the traffic stop.

22.     The Plaintiff neither actively resisted arrest nor attempted to flee at the time he was forcibly handcuffed behind his back, roughed up, and pushed into the back of the police car.

23.     The Defendants violated the Plaintiff's protection under the Fourth Amendment to the United States Constitution from unreasonable seizure.

24.     The Defendants are liable for the excessive force used in handcuffing the Plaintiff and for violating his civil rights to life, liberty and the pursuit of happiness as afforded every American Citizen by the Constitution of the United States of America.

## FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

(Assault and Battery Under Common Law, as Allowed by the Tort Claims Act, and 42 U.S.C. s1983, Irrespective of the Tort Claims Act)

25.     The Plaintiff incorporates all prior paragraphs of this Complaint as completely as if set forth herein verbatim.

26.     The Defendants placed the Plaintiff in fear of bodily harm.

27.     The Defendants subjected the Plaintiff to bodily harm.

28.     The Defendants, with no just cause, intimidated the Plaintiff with patrol cars, lights and an abnormal amount of force with numbers alone.

29.     The Defendants placed the Plaintiff in fear of bodily harm in order to obstruct Plaintiff's rights protected by the United States Constitution, including the right to secure your property and to be free of unreasonable searches and seizures, and to be free of excessive police force.

30.     The Town of The Isle of Palms is liable for the assault and battery committed by Officer PTL H. Larimore, while handcuffing the Plaintiff.

31.     Officer H. Larimore and the Town of the Isle of Palms are liable for the false police report filed by Larimore that falsely accuses the Plaintiff of four (4) untrue claims.

32.     Charleston County and Charleston County Detention Center are liable for the embarrassment and humiliation, and physical problems caused the Plaintiff while in custody and unlawfully imprisoned.

## FOR A THIRD CAUSE OF ACTION

(False arrest and Imprisonment Under Common Law, as Allowed by the Tort Claims Act and under 42 U.S.C. s1983, Irrespective of the Tort Claims Act)

33. The Plaintiff incorporates all prior paragraphs of this Complaint as completely as if set forth herein verbatim.

34. Officer PTL H. Larimore restrained the Plaintiff.

35. Officer PTL H. Larimore and other Isle of Palms Police Officers intentionally restrained Plaintiff.

36. Officer PTL H. Larimore and other Isle of Palms Police Officers unlawfully restrained the Plaintiff.

37. Officer PTL H. Larimore and other Isle of Palms Police Officers did not have probable cause to arrest Plaintiff.

38. Officer PTL H. Larimore did intentionally falsify a police report in order to try and justify his arrest and unlawful imprisonment of Plaintiff.

39. Officers of the Isle of Palms Police Dept. Unlawfully searched and seized the Plaintiff's personal vehicle without just cause. The officers used excessive force simply in the form of numbers alone to intimidate the Plaintiff.

40. The Town of the Isle of Palms, Charleston County Sheriff's Office and the Charleston County Detention Center are liable for the false arrest and unlawful imprisonment committed by Officer PTL H. Larimore and other officers of the Isle of Palms Police Dept.

## FOR A FOURTH CAUSE OF ACTION AGAINST CHARLESTON COUNTY

(Violation of S.C. Code Ann. s 16-5-60)

41.     The Plaintiff incorporates all prior paragraphs of this Complaint as completely as if set forth herein verbatim.

42.     Officer PTL H. Larimore wrongfully restrained the Plaintiff in Charleston County in order to obstruct Plaintiff's exercise rights protected by the United States Constitution, including his right to privacy, to be free of unreasonable searches and seizures and to be free from excessive police force.

43.     Officer PTL H. Larimore and other Isle of Palms Police Officers used excessive force in Charleston County to restrain Plaintiff in violation Plaintiff's right under the Fourth Amendment to the Constitution of the United States to freedom from unreasonable seizures.

44.     Defendant Charleston County is liable of the violation of the civil rights afforded to all citizens by the United States Constitution and also liable for discriminating against the Plaintiff by having and enforcing different rules pertaining to the use of the restroom facilities for male and female inmates.

**Wherefore, Plaintiff prays for the following relief:**

a.      For judgment, jointly and severally, against the Defendants in an amount yet to be determined for medical charges, pain, suffering, and loss of enjoyment of life as a result of the actions of Defendants.

b.      For all costs and disbursements of this action, including reasonable attorney's fees; and

c.      For such other and further relief as is just and proper.

*/s/ Barry B Brockman*

Barry B Brockman

PO Box 1052

Isle of Palms SC 29451-1052

Phone 864-505-3624

6 Dec 2013

Date